UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE LYDELL HARRIS,<br>Plaintiff,<br>v.<br>RON BROOMFIELD, et al.,<br>Defendants. | Case No. 21-cv-00283-HSG<br><br>**ORDER OF PARTIAL SERVICE; DISMISSING CERTAIN DEFENANTS AND CLAIMS WITH PREJUDICE; DISMISSING CERTAIN DEFENDANTS WITH LEAVE TO AMEND** |

Plaintiff, an inmate at San Quentin State Prison ("SQSP") has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A. Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Complaint**

Plaintiff has named as defendants the following former or current SQSP correctional officials: former warden Ron Davis; current warden Broomfield; correctional food manager Roy Maerse, assistant correctional food manager A. Gary; correctional lieutenant and community resource manager J. Carlton; Muslim chaplain Cleric Muhammad (K. Fasish); Christian chaplain Jackson; associate warden N. Walker; correctional lieutenant Ballein; the "Office of Appeals . . . the Third Level Responder to the Administration Appeals;" associate warden Trent Allen; and unknown Doe defendants who are "Sacramento supervisors of Def. Jackson." Dkt. No. 1 at 5-6.

The complaint makes the following allegations.

Plaintiff practices Soka Gakkai International (SGI) Nichiren Buddhism. Sometime between 2005 to 2007, Plaintiff requested a GMO-free Buddhist diet based on his religious belief that his body is a Buddhist temple that should not be polluted by meat containing genetically engineered ingredients. SQSP only offers three kinds of religious diets: vegetarian, Kosher, and Halal (Islamic). No Buddhist diet is offered. The Halal/Islamic Diet is also referred to as a Religious Meat Alternate Program ("RMAP") and does not include GMO meat. The SQSP Jewish chaplain at the time, Carole Hyman, authorized Plaintiff to participate in the RMAP in lieu of a Buddhist diet. Plaintiff's participation in the RMAP did not require him to follow the laws of any other religion. Pursuant to this decision, Hyman issued plaintiff a Religious Diet Card.

Plaintiff alleges that SQSP constantly violates the RMAP by providing "mystery meat"

2

substitutes for the approved religious meat alternatives. He further alleges that this mystery meat negatively affects his religious practices because it affects his focus and strength. Plaintiff also alleges that SQSP frequently serves vegetarian dinners instead of the approved religious meat alternatives, which causes him to feel light-headed from the lack of nutrients. The lack of meat results in insufficient nutrition and protein intake for Plaintiff, which has caused him to have an irregular heartbeat, caused him lightheadedness and lethargy, and exacerbated his prediabetes and prehypertension.

In order to make up for the lack of nutrients and calories, Plaintiff consumes ramen soups that he purchases from the prison canteen. Nichiren Buddhism allows for the consumption of ramen soups. Since his admission into the RMAP, Plaintiff has purchased ramen soups to supplement his diet without being issued religious diet violations. On May 16, 2019, and October 20, 2020, defendants K. Fasih and Jackson, respectively, issued Plaintiff religious diet violations for consuming ramen soups, on the grounds that ramen soups are not certified as halal. Defendant Jackson informed Plaintiff that if Plaintiff wished to avoid having the violation placed in his central file, he could voluntarily withdraw from the RMAP, and then she handed him a withdrawal form. Plaintiff told her that his consumption of ramen soup did not violate his religious beliefs and that the Religious Diet Program Agreement provided that if an inmate was not provided his specified religious diet meal, he was permitted to eat foods that are not part of the Religious Diet Program without it being considered a violation of the RMAP. Defendant Jackson responded that he was technically correct, but the higher-ups in Sacramento ordered her to issue the violation. Plaintiff believes that prison officials are attempting to purge prisoners from the RMAP.

Plaintiff alleges that Defendants' refusal to allow him to consume ramen soups while on RMAP and failure to provide him with the approved meat alternatives have unconstitutionally burdened his religious practice and negatively affected his health, in violation of his First Amendment right to free exercise of religion, the First Amendment's establishment clause, the Eighth Amendment, the Equal Protection Clause, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), the ex post facto clause, and "state and federal common laws."

//

## C. Analysis

### 1. Defendants Carlton, Walker, Ballein, Office of Appeals, Allen, Davis, and Broomfield

Plaintiff has failed to state a claim against defendants Carlton, Walker, Ballein, the Office of Appeals, Allen, Davis and Broomfield. Their only involvement in the alleged constitutional violations are their participation in reviewing or denying Plaintiff's grievances.

The complaint makes the following allegations regarding these defendants' participation in the grievance process.

Defendant Carlton: On March 5, 2018, defendant Carlton rejected Grievance No. SQ-A-18-00733[1] as an emergency. On October 22, 2020, defendant Carlton responded to Plaintiff's request for a copy of the October 2020 religious diet violation by providing a copy of the violation and threatening that any future ramen purchases would result in a rules violation with the possibility of being removed from the religious diet program. Dkt. No. 1 at 9, 16.

Defendant Walker: On June 17, 2019, defendant Walker denied Grievance No. SQ-A-19-01566[2] at the first level of review. Dkt. No. 1 at 11.

Defendant Ballein: On July 26, 2019, defendant Ballein denied Grievance No. SQ-A-19-01566 at the second level of review. Dkt. No. 1 at 11.

Office of Appeals: The Office of Appeals denied Grievance No. SQ-A-19-01566 and Grievance No. SQ-A-19-01991[3] at the third level of review. Dkt. No. 1 at 11-12.

Defendant Allen: On March 13, 2018, defendant Allen denied Grievance No. SQ-A-18-00733 at the first level of review. On July 29, 2019, defendant Allen denied Grievance No. SQ-A-19-01991 at the first level of review. Dkt. No. 1 at 12.

Defendant Davis: Defendant Davis denied Grievance No. SQ-A-18-00733, Grievance No.

---

[1] Grievance No. SQ-A-18-00733 alleged that SQSP was violating prison regulations and departmental policy by serving Plaintiff vegetarian dinners instead of the approved religious meat alternatives, and that these violations were negatively affecting his health. Dkt. No. 1 at 9.
[2] Grievance No. SQ-A-19-01566 sought to have the 2019 religious diet violation removed from Plaintiff's central file and to have no further violations issued against him for actions that did not violate his religious practice. Dkt. No. 1 at 10.
[3] Grievance No. SQ-A-19-01991 alleged that SQSP was violating the RMAP and departmental policy by denying Plaintiff religious meat alternatives during dinner meals. Dkt. No. 1 at 12.

SQ-A-19-01566, and Grievance No. SQ-A-19-01991 at the second level of review. Dkt. No. 1 at 10-12.

Defendant Broomfield: Defendant Broomfield denied Grievance No. SQ-A-19-01566 at the second level of review. Dkt. No. 1 at 11.

A prison official's denial of an inmate's grievance generally does not constitute significant participation in an alleged constitutional violation sufficient to give rise to personal liability under Section 1983. *See, e.g., Wilson v. Woodford*, No. 1:05–cv–00560–OWW–SMS, 2009 WL 839921, at *6 (E.D. Cal. Mar. 30, 2009) (ruling against prisoner on administrative complaint does not cause or contribute to constitutional violation). A prisoner has no constitutional right to an effective grievance or appeal procedure. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner has no constitutional right to effective grievance or appeal procedure); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure."). Accordingly, defendants Carlton, Walker, Ballein, the Office of Appeals, Allen, Davis and Broomfield are DISMISSED from this action because their only involvement in the alleged constitutional violations are their participation in the grievance process. This dismissal is with prejudice because amendment would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (district court should grant leave to amend unless pleading could not possibly be cured by the allegation of other facts).

**2. Defendants Gary and Maerse**

Plaintiff has also failed to state cognizable Section 1983 claims against defendants Maerse and Gary.

Plaintiff's only allegations against defendant Maerse are that Plaintiff made the following complaints or inquires to defendant Maerse. On February 21, 2017, Plaintiff asked defendant Maerse why cheese had been removed from the RMAP diet after many years of cheese being included. On August 7, 2018, Plaintiff complained to defendant Maerse that the frequent "mystery meat" substitutes for the approved religious meat alternatives were negatively affecting his focus and strength. Dkt. No. 1 at 9, 11. Assuming arguendo that defendant Maerse failed to personally respond to Plaintiff's inquiry or complaint, this failure to respond does not raise the

5

1  right to relief above the speculative level. It appears that defendant Maese instructed defendant
2  Gary to respond to the complaint and inquiry by providing a relevant email and departmental
3  memo. Plaintiff has not explained how such a response violated his constitutional rights or federal
4  law.

Plaintiff makes two set of allegations against defendant Gary. First, he alleges that defendant Gary responded to Plaintiff's inquiry and complaint to defendant Maerse in the following ways. In response to Plaintiff's inquiry as to the removal of cheese from the RMAP diet, defendant Gary provided Plaintiff with a November 11, 2016 email sent from Iman Hossain to defendant Maerse. In response to Plaintiff's complaint about the "mystery meat" substitutes, defendant Gary provided Plaintiff with a departmental memo regarding approved procedures for religious meat alternatives. Dkt. No. 1 at 9, 11. Second, he alleges that defendant Gary interviewed him in connection with Grievance No. SQ-A-19-01991. Dkt. No. 1 at 12. The allegation that defendant Gary, on behalf of defendant Maerse, provided Plaintiff with information in response to his inquiry and complaint does not plausibly allege participation in the alleged constitutional violations. And, as explained above, defendant Gary's participation in the grievance process does not state a cognizable Section 1983 claim.

Because it appears possible that Plaintiff may be able to correct these deficiencies, the Court dismisses defendants Maerse and Gary from this action with leave to amend the claims against them, if Plaintiff can truthfully do so. *See Lopez*, 203 F.3d at 1130.

### 3. Doe Defendants

The use of Doe defendants is not favored in the Ninth Circuit. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Using a Doe defendant designation creates the following problem: that person cannot be served with process until he or she is identified by his or her real name. Where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them. *Id.* Failure to afford the plaintiff such an opportunity is error. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999). Accordingly, the Doe defendants are DISMISSED from this action without prejudice. Should Plaintiff learn their identities, he may move to file an amendment to the

complaint to add them as named defendants. *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1195–98 (9th Cir. 2003). The burden to determine the identity of the Doe defendants is on Plaintiff; the Court will not undertake to investigate the names and identities of unnamed defendants.

### 4. Non-Cognizable Legal Claims

Plaintiff's allegations fail to state an ex post facto claim because his purchasing and consumption of the ramen soups was not criminalized. The Ex Post Facto Clause is violated only if the law (1) is punishment, *see Russell v. Gregoire*, 124 F.3d 1079, 1083-84 (9th Cir. 1997); (2) is retrospective, *see Lynce v. Mathis*, 519 U.S. 433, 441 (1997); and (3) disadvantages the offender by altering the definition of criminal conduct or increasing the punishment for the crime, *see id. See also Collins v. Youngblood*, 497 U.S. 37, 41-46 (1990) (Ex Post Facto Clause prohibits any statute that (1) punishes as crime an act previously committed, which was innocent when done; (2) makes more burdensome punishment for crime, after its commission; or (3) deprives one charged with a crime of any defense available according to law at time when act was committed). Plaintiff's Ex Post Facto claim is DISMISSED with prejudice because amendment would be futile.

Plaintiff's allegations that state and federal common laws were violated is too vague and conclusory to state cognizable legal claims. Plaintiff must specifically identify what state or federal common laws were violated, and how each defendant violated the specific law.

### 5. Cognizable Legal Claims

Plaintiff has stated cognizable claims for violation of the First Amendment's free exercise clause and Establishment clause, the Eighth Amendment, the Equal Protection Clause, and RLUIPA. Liberally construed, Plaintiff has alleged that defendants Muhammad and Jackson have failed to provide him with a diet that is consistent with his religious beliefs and is adequate to meet his nutritional and health needs because he is given vegetarian meals instead of the approved meat alternatives; and that, although he is Buddhist, defendants Muhammad and Jackson are conditioning his participation in the Religious Diet Program on his adherence to Islamic laws by forcing him to choose between consumption of ramen soups for his health, which is allowable

7

under his religious beliefs, and participation in the Religious Diet Program. *See Shakur v. Schriro*, 514 F.3d 878, 883-84 (9th Cir. 2008) (for prisoner to establish free exercise violation, he must show that prison regulation or official burdened practice of his religion without any justification reasonably related to legitimate penological interests); *Larson v. Valente*, 456 U.S. 228, 244, (1982) ("The clearest command of the Establishment Clause is that one religious denomination cannot be officially preferred over another."); *McElyea v. Babbitt*, 833 F.2d 196, 198 (9th Cir. 1987) (inmates "have the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion."); *Ward v. Walsh*, 1 F.3d 873, 877 (9th Cir. 1993) (allegations that prison officials refuse to provide healthy diet conforming to sincere religious beliefs states cognizable claim under § 1983 of denial of right to exercise religious practices and beliefs); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (Eighth Amendment imposes duties on prison officials to provide all prisoners with basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety); *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (Equal Protection Clause requires that all persons similarly situated should be treated alike); and 42 U.S.C. § 2000cc-1(a) (RLUIPA prohibits government from imposing "a substantial burden on the religious exercise of a person residing in [prison], even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.").

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The following defendant(s) shall be served: San Quentin State Prison chaplains K. Fasish (also referred to as Cleric Muhammad) and Jackson (Christian chaplain).

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody. In accordance with the program, the Clerk is directed to serve on the CDCR via email the following documents: the operative complaint (Dkt. No. 1), this order of service, a CDCR Report of E-Service Waiver form and a summons. The Clerk also shall serve a

1 copy of this order on the Plaintiff.

2 No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or could not be reached. The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

2. Defendants Carlton, Walker, Ballein, the Office of Appeals, Allen, Davis and Broomfield are DISMISSED from this action with prejudice. The Ex Post Facto Clause is DISMISSED with prejudice.

3. Defendants Gary and Maerse are DISMISSED from this action with leave to amend. The Doe defendants are DISMISSED from this action without prejudice to Plaintiff seeking leave to amend his complaint once he learns their identities.

4. The complaint states cognizable claims against defendants Muhammad (K. Fasish) and Jackson for violation of the First Amendment's free exercise clause and Establishment clause, the Eighth Amendment, the Equal Protection Clause, and RLUIPA.

5. If Plaintiff wishes to file an amended complaint to address the deficiencies in his claims against defendants Gary and Maerse, he shall do so within twenty-eight (28) days of the date of this order. The amended complaint must include the caption and civil case number used in this order, Case No. C 21-002831566 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the

9

form in order for the action to proceed. An amended complaint completely replaces the previous complaints. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present, including the claims found cognizable above, and all of the defendants he wishes to sue, including the ones ordered served above, and may not incorporate material from the prior complaint by reference. Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the amended complaint. Failure to file an amended complaint in accordance with this order in the time provided will result in Dkt. No. 1 remaining the operative complaint, and this action proceeding against defendants Muhammad and Jackson on the claims found cognizable above. The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: 5/25/2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge