UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE LYDELL HARRIS,<br><br>    Plaintiff,<br><br>v.<br><br>CLERIC MUHAMMAD (K. FASISH), et al.,<br><br>    Defendants. | Case No. 21-cv-00283-HSG<br><br>**ORDER VACATING DEADLINES, STAYING AND ADMINISTRATIVELY CLOSING CASE** |

Plaintiff, an inmate at Corcoran State Prison ("CSP-Corcoran"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court STAYS this case pending the Ninth Circuit's decision in Plaintiff's interlocutory appeal, VACATES the pending deadlines, and directs the Clerk to ADMINISTRATIVELY CLOSE this action.

**DISCUSSION**

The operative complaint alleges that the requirement set forth by defendants San Quentin State Prison chaplains K. Fasish (also referred to as Cleric Muhammad) and Jackson (Christian chaplain), and Chaplain Charles Richey, the Community Resources Manager of the CDCR's Division of Adult Institution's Religious Programs Oversight Unit – that Plaintiff refrain from consuming ramen soups in order for Plaintiff to receive the Religious Meat Alternate Program ("RMAP") diet – violates the Free Exercise Clause, the Eighth Amendment, the Equal Protection Clause, and the RLUIPA because ramen soups are consistent with Plaintiff's religious beliefs, ramen soups are necessary for Plaintiff to maintain his health, the requirement requires Plaintiff to adhere to Islamic dietary laws, and the RMAP diet is the only prison diet consistent with Plaintiff's religious beliefs. *See generally* Dkt. Nos. 25, 29.

//

On June 10, 2022, Plaintiff filed a motion for a temporary restraining order that would prohibit Defendants from denying him the ability to supplement the RMAP diet with non-Halal or non-Kosher food items from the prison canteen or vendors, including the aforementioned ramen soups. Dkt. No. 17. On August 1, 2022, the Court denied the request for a TRO/PI in a reasoned order. Dkt. No. 22. Plaintiff filed a renewed request for a TRO/PI, requesting *inter alia* that the Court order that Plaintiff be re-enrolled in the RMAP diet. Dkt. No. 39. On April 23, 2024, the Court denied this request. Dkt. No. 47. On May 15, 2024, Plaintiff filed an interlocutory appeal with the Ninth Circuit, appealing the Court's April 23, 2024 denial of his request for a preliminary injunction/temporary restraining order. Dkt. No. 48.

Plaintiff's interlocutory appeal concerns the merits of this case and therefore divests this court of jurisdiction over the case while the appeal is pending. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (district court and court of appeals should not assert simultaneous jurisdiction over same matter) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). In light of the pending interlocutory appeal, the Court exercises its discretion to stay the instant case pending resolution of the appeal of the denial of preliminary injunction. *See Nken v. Holder*, 556 U.S. 418, 434 (2009) (whether to stay action pending appeal is matter of court's discretion); *see also City of Oakland v. Holder*, 961 F. Supp. 2d 1005, 1015 (N.D. Cal. 2013) (staying action pending appeal because important legal questions were pending before Ninth Circuit, and public interest lay in "ensuring" that action was "litigated consistently and in the most efficient manner possible").

## CONCLUSION

For the forgoing reasons, the Court, in its discretion, STAYS the case pending the Ninth Circuit's decision in Plaintiff's appeal. Defendants shall inform the Court within two business days of the Ninth Circuit's issuance of a mandate in Plaintiff's appeal. The Court VACATES the briefing schedule, and directs the Clerk to terminate all pending motions as moot and to administratively close the file. The administrative closure of this case is purely an administrative procedure that does not affect the rights of the parties. After the Ninth Circuit returns this action

1  to this Court, the Court will set a new briefing schedule.

2  **IT IS SO ORDERED.**

3  Dated:   8/19/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge